## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TAMMY HAND**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **CV-05-PT-0558-M** |
| | ) | |
| **WAL-MART CORPORATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This cause comes on to be heard upon defendant Wal-Mart Stores East, L.P.'s[1] Motion

for Summary Judgment, filed on March 15, 2005.[2]

## FACTS AND PROCEDURAL HISTORY

Plaintiff Tammy Hand ("Hand") is a resident of Alabama.  (Notice of Removal ¶ 1).

Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") is a Delaware corporation with its principal

place of business in Arkansas.  (*Id.* at ¶ 2).

Hand filed this action on October 4, 2004 in the Circuit Court of Marshall County,

Alabama.  The complaint named as defendants Wal-Mart and fictitious persons A, B, C, & D.

The complaint contains two counts.  Count One states:

> On or about the 12th day of October, 2002, Plaintiff, was upon the premises of
> Defendant in Guntersville, Alabama, when Plaintiff fell and was injured.

---

[1] According to defendant, it was incorrectly designated in the complaint as Wal-Mart
Corporation.

[2] This motion was originally entitled "Motion to Dismiss."  This court's March 22, 2005
Submission Order converted the motion to a motion for summary judgement.

Plaintiff's said fall was the proximate result of the Defendant's negligence in that [it had] knowledge that a merchandise pallet was left unattended in a public traffic area of said store.

Plaintiff, as a proximate result of the Defendant's said conduct was caused to incur expenses for medicine and physician's fees.

Plaintiff suffered great pain and suffering from the said injuries caused by the Defendant.

Plaintiff has been permanently disfigured as a result of the said injures by the Defendant.

(Cmpt. ¶¶ 1-5). Count Two is identical to Count One except that it alleges that:

Plaintiff's said fall was the proximate result of the Fictitious Defendant's A, B, C, D, et al, (those individual or individuals or entity or entities responsible for the maintenance, repair, upkeep, and supervision of the property) negligence. Defendant had knowledge, that a merchandise pallet was left unattended in a public traffic area of said store.

(*Id.* at ¶ 7). Following each count, the complaint demands judgment against the defendants in the sum of $250,000.00 plus costs.

Wal-Mart removed the action to this court on March 15, 2005 on the basis of diversity jurisdiction.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed through pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Celotex*, 477

U.S. at 323.  "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial."  *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted).  The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial.  *Celotex*, 477 U.S. at 324.  The non-moving party "must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'"  *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted). Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial.  *Comer v. City of Palm Bay,* 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

Summary judgment will not be granted until a reasonable time has been allowed for discovery.  *Comer*, 265 F.3d at 1192.  Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party."  *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999).  Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion.  *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

### ARGUMENTS[3]

## I.    Defendant's Motion.

According to defendant, at the time of filing the complaint in the Circuit Court of

---

[3] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

Marshall County, Alabama, plaintiff did not provide a summons to the clerk of the court.

Defendant points to a copy of the case file from the clerk's office, and highlights a notation in the

file indicating that the clerk's office was instructed to "hold" the complaint in the file pursuant to

instructions from plaintiff's counsel.

Defendant draws the court's attention to a Court Notice in the clerk's file dated December

30, 2004.  This notice, which was sent to plaintiff, states that the complaint had not been served

on defendant and that failure to perfect service within 30 days would result in a dismissal of the

complaint.  Defendant notes that, thereafter, a summons was provided to the clerk's office on

February 10, 2005, and issued by the court on that same date.

Defendant argues that the statute of limitations in this case expired on October 12, 2004,

almost four months before the time plaintiff attempted to effect service on Wal-Mart.  According

to defendant, Rule 3 of the Alabama Rules of Civil Procedure requires both the filing of a

complaint and a bona fide intent to have it immediately served in order to commence an action

for statute of limitation purposes.  *See Maxwell v. Spring Hill College,* 628 So.2d 335, 336 (Ala.

1993) (stating, "[t]his Court has held that the filing of a complaint, standing alone, does not

commence an action for statute of limitations purposes.  Rather, the filing must be made with the

intention of serving process upon the opposing party or parties" (citations and footnotes

omitted)); *Latham v. Phillips,* 590 So.2d 217, 218 (Ala. 1991) (same); *Ward v. Saben Appliance

Co.,* 391 So.2d 1030, 1035 (Ala. 1980) (holding that "action was not 'commenced' when it was

filed with the circuit clerk because it was not filed with the bona fide intention of having it

immediately served").  Defendant concludes that plaintiff, as a matter of law, allowed the

limitations period to expire by advising the clerk's office to hold the complaint, and by not

4

providing an address for service of process on defendant within the applicable statute of limitations.  Defendant points to the following passage from *Pettibone Crane Co., Inc. v. Foster,* 485 So.2d 712 (Ala. 1986):

> . . . where it is impossible to supply instructions for service of process upon a defendant at the time of filing the complaint, the plaintiff must apprise the clerk of that fact and show that every effort has been made to obtain the appropriate information and must inform the clerk that, when it is obtained, it will be supplied immediately.

485 So.2d at 714.

Defendant argues that Wal-Mart is one of the largest corporations in the world, and its registered agent for service of process is easily obtainable through the Alabama Secretary of State's office.  Likewise, defendant asserts, it could have been served by certified mail or personal service of process to its store in Guntersville.

## II.    Plaintiff's Response.

Plaintiff does not oppose this motion.

## CONCLUSIONS OF THE COURT

There being no dispute as to facts or law, the defendant's Motion for Summary Judgment will be granted.

This 12th of April, 2005.



**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**